## THOS. McLENAHAN ET AL. v. W. ANDREWS.

|135 383|
|168 200|

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF CRAWFORD COUNTY.

Argued April 28, 1890—Decided May 26, 1890.

1. After the trial of an action for slander on its merits and on the assumption that the substance of the alleged slander, as charged in the narr, was that the plaintiff was an adulteress, it is too late for the defendant to escape from an adverse verdict, by an objection that it was not averred in the narr or proved on the trial that the plaintiff was a married woman at the time referred to when the slanderous words were spoken of her.

2. Under such circumstances, the defendant having pleaded "privileged communication and justification," it was not reversible error for the court to charge as follows: "In their arguments, counsel seem, and properly too, to agree in this, that the substance of the charges contained in the several counts . . . . . is that the defendant declared to one or more than one person, or in their hearing, that she, the plaintiff, had committed the crime of adultery."

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 2 January Term 1890, Sup. Ct.; court below, No. 2 February Term 1885, C. P.

On November 14, 1884, Thomas McLenahan and Charity McLenahan his wife, for use of said wife, brought case for slander against William Andrews. The declaration filed contained four counts: The first charged that the defendant had falsely stated that Mrs. McLenahan had committed perjury; the other counts charged the defendant with having spoken of and concerning Mrs. McLenahan false, scandalous and defamatory words imputing to her the offence of adultery with the defendant, but these counts did not aver that at the time referred to when the slanderous words were spoken the use plaintiff of whom they were spoken was a married woman. The defendant pleaded "not guilty, privileged communication and justification."

The cause was tried on March 14, 1888, before BROWN, P. J.,

Charge of Court below.

37th district, holding special term; and, at the close of the testimony, the court charged the jury in part as follows:

There are four counts in the indictment, the first of which asserts that the defendant charged the plaintiff with having committed the crime of perjury. This charge is withdrawn, and hence you have nothing to do with the charge, so far as that is concerned. The second count charges that the defendant used certain words in the hearing of others, which words conveyed, and were intended to convey the meaning that the plaintiff, Mrs. McLenahan, met him, the defendant, at the church, for the purpose of committing adultery with him, and that he gave her $2 to commit adultery with him. The third charges that he used certain words in a public manner, meaning and intending to mean, and understood by the listeners to mean, that the defendant gave the plaintiff $2, and that she had committed adultery with him. The fourth charges that the defendant used words in like public manner, meaning that the plaintiff had been in the basement of the church and committed adultery with him, and that he had given her $2 to commit adultery with him.

[In their arguments, counsel seem, and properly, too, to agree in this, that the substance of the charges contained in the several counts of the declaration, and upon which the plaintiff bases her right to a verdict, is that the defendant declared to one or more than one person, or in their hearing, that she, the plaintiff, had committed the crime of adultery.] [1]

It is not averred, and it is not necessary that it should be averred in the declaration, nor is it necessary that the evidence should show that the defendant by express words charged Mrs. McLenahan with having committed adultery. It is sufficient if it appear that words were used by the defendant, which, at the time and under the circumstances, were intended by him to, and which did, in fact, convey to the listeners the assertion that the plaintiff had been guilty of adultery. It is not necessary that the precise words used should be laid in the declaration. The substance only need be stated, and the substance only need be proved.

The intention to charge the crime of adultery may be manifested in many ways. In very many instances, it may be very clearly inferred from language that wholly omits such direct charge. The time, and circumstances, and manner, may be such

as to very clearly affect the meaning of the words used to convey to the hearers the charge of criminality. And where, in a case like the one on trial, the words used do not of themselves directly charge the commission of a crime, the plaintiff must assert and prove in what meaning and with what intention they were used.

The plaintiff in the case on trial asserts first, that the defendant made use of certain words; second, that the defendant meant by those words to impute the offence of adultery to the plaintiff. The first thing for you to determine from the evidence is, did the defendant use the words in substance, as set forth in the declaration? . . . . .

Did the defendant use substantially the words as set forth in the declaration? If he did not, then that is the end of the case. If he did, then the next question is, with what meaning, with what intention did he utter these words? Did he mean to be understood as saying that the plaintiff was guilty of adultery? Now, this is the question for you to determine; wholly for you; and it is not our province to express to you any opinion that the court have. You are as competent, and more competent to deal with that question than the court.

If the defendant used these words, and if he did use them with the meaning that is charged, then, the next question for you to determine is, was the charge of adultery thus made against the plaintiff, a true charge. If it was true, if she was guilty of adultery with himself, however much we might criticise his discretion and good taste, in making public proclamation of the fact, it is, nevertheless, in law, a justification to him, and no verdict in that event should be given against him. But, if he used the words with the meaning averred, and if the charge thus made against Mrs. McLenahan was a false charge, then the law implies that he was instigated to make the charge by malice, and he should, by your verdict, be made to respond in damages.

If Mrs. McLenahan has failed to make out her case, then you should find in the defendant's favor; but if she has shown her right to a verdict, upon the principles and under the instructions we have given you, then you are to assess the damages, and find a verdict in her favor, for the amount thus assessed. . . . .

The defendant requests the court to charge [inter alia] :

5. That the plaintiff having failed to aver in the declaration or give in evidence, upon the trial of the case, that at the time of the utterance of the alleged slanderous words she was a married woman, the charge that the speaking of the words complained of imputes adultery to her, cannot be sustained, and she cannot recover.

Answer : This point is answered in the negative.[2]

6. That, under the pleadings and all the evidence in this case, the plaintiff is not entitled to recover.

Answer : This point is also answered in the negative, referring the jury to what we have said in our general charge, as to the principles upon which a verdict should be rendered in favor of the plaintiff or in favor of the defendant.[3]

—The jury returned a verdict in favor of the plaintiffs for $1,000. Thereupon the defendant filed a motion in arrest of judgment.

Said motion having been argued, the court, BROWN, P. J., on June 19, 1889, filed the following opinion :

The first count in the declaration was withdrawn. The motion in arrest of judgment is based on the claim that each of the three remaining counts is bad.

From the oral argument we learn that the defect relied upon is the omission to aver that the plaintiff was a married woman at the time the words were spoken. The words of themselves are not actionable ; hence the innuendo that the defendant meant and intended to mean that the plaintiff had committed adultery. The proof of such meaning usually consists, or is found, in the circumstances of time, place, manner, etc., and these are not required to be detailed in the declaration. An averment of what the defendant meant is sufficient to let in evidence of any and all facts from which the alleged meaning of the words may be legitimately inferred. " Illicit carnal connection is called by different names according to the circumstances which attend it : " Davidson v. Thornton, 7 Pa. 129. If the defendant, in uttering the words as laid, intended to convey the meaning that the plaintiff was guilty of illicit carnal connection, and the evidence shows that the plaintiff was a married woman, the innuendo, that he meant to charge her

Opinion of the Court.

with adultery, is sustained. The motion in arrest of judgment is discharged.

—Judgment having been entered, the defendant took this appeal, assigning for error:

1. The portion of the charge embraced in [ ] [1]
2, 3. The answers to the defendant's points.[2 3]
4. The refusal of the motion in arrest of judgment.

*Mr. George W. Haskins* (with him *Mr. J. O. McClintock*), for the appellant.

Counsel cited: Lukehart v. Byerly, 53 Pa. 418; Ruth v. Kutz, 1 W. 489; Stitzell v. Reynolds, 59 Pa. 488; Gosling v. Morgan, 32 Pa. 273; Maxwell v. Allison, 11 S. & R. 343; Deford v. Miller, 3 P. & W. 105.

*Mr. Thomas Roddy* (with him *Mr. A. B. Richmond* and *Mr. Chas. E. Richmond*), for the appellees.

As to the charge of the court, counsel cited: Penna. R. Co. v. Coon, 111 Pa. 430; Reese v. Reese, 90 Pa. 89; Little Schuylkill Nav. etc. Co. v. French, 81* Pa. 366; Horton v. Coal Co., 2 Penny. 43; Lackawanna etc. R. Co. v. Chenewith, 52 Pa. 382; Kerr v. Sharp, 14 S. & R. 399; Carothers v. Dunning, 3 S. & R. 373. That the defect, if any, in the declaration, was cured by the verdict: Smith v. Rutherford, 2 S. & R. 358; Miles v. Oldfield, 4 Y. 423; Insurance Co. v. Seitz, 4 W. & S. 273; Martin v. Stille, 3 Wh. 337; Burkholder v. Beetem, 65 Pa. 496; Owen v. Schmidt, 14 Phila. 184; Wills v. Church, 5 S. & R. 190; Herst v. Borbidge, 57 Pa. 62. That the declaration was not defective: Starkie on Slander, *51, 53; Rue v. Mitchell, 2 Dall. 58; Brown v. Lamberton, 2 Binn. 34; Walton v. Singleton, 7 S. & R. 449; Beirer v. Bushfield, 1 W. 23; Dottarer v. Bushey, 16 Pa. 208; Evans v. Tibbins. 2 Gr. 450; Vanderlip v. Roe, 23 Pa. 82.

PER CURIAM:

In the absence of any evidence to the contrary in the record, it must be assumed the learned judge was correct in saying, as complained of in the first specification: "In their arguments, counsel seem, and properly too, to agree in this, that the substance of the charges contained in the several counts of the dec-

Opinion of the Court.

laration, and upon which plaintiff bases her right to a verdict, is that the defendant declared to one or more than one person, or in their hearing, that she, the plaintiff, had committed the crime of adultery." Indeed, the defendant's pleas "privileged communication and justification," and the entire course of the trial down to the close of the testimony, indicate that by common consent the cause was tried on the assumption that the substance of the several counts was as stated in the foregoing excerpt from the charge of the court. In his own testimony, the defendant appears to be anxious to create the impression that he meant to charge the plaintiff with the crime of adultery, and to that end he went as far as he could without in express terms proving himself her particeps criminis.

After trying the case on its merits, and on the assumption that the substance of the alleged slander, as charged in the several counts of the declaration, was that plaintiff was an adulteress, it is rather late to escape the consequences of an adverse verdict by technical objections to the sufficiency of either of the counts. If objection had been taken during the trial, it could have been readily obviated by amendment. But, aside from that, the slanderous words laid in the declaration clearly import a charge of adultery, and would doubtless be so understood by any one who heard them spoken.

The second specification presents another technical point that is utterly destitute of merit. The plaintiff sued with her husband, and throughout the testimony she is referred to as being a married woman at the time the slanderous words are alleged to have been spoken concerning her. The defendant himself, in his effort to besmirch her character, when on the witness stand refers to her as occupying the relation of wife. If it had been necessary to amend the declaration, there is sufficient for that purpose in defendant's own evidence. It may be considered amended.

From what has already been said, it follows that the third and fourth specifications cannot be sustained. There is nothing in the record of this unsavory case that requires us to reverse the judgment, and, after a full and fair trial on the merits, we have no inclination to do so.

Judgment affirmed.